IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) Criminal No. 19-133-7 |
| | ) |
| ANTHONY PORTIS JR. | ) |

**Opinion and Order on Pretrial Motions**

Defendant Anthony Portis, Jr. is charged in Count 1 of an eight count Indictment, along with six other defendants, with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846, from in and around April 2017 to in and around May 2019.  ECF No. 2.  Presently before the Court are the following pretrial motions filed by Mr. Portis:  Motion for Early Disclosure of Jencks Materials, Materials Pursuant to Brady, Giglio and Other Discoverable Materials, ECF No. 405; Motion for Notice Pursuant to F.R.E. 404(B), ECF No. 406; and Motion to Preserve Rough Notes, ECF No. 408.

**I.      Motions for Jencks, Brady, Giglio and Other Discoverable Material**

Mr. Portis has filed a Motion for Early Disclosure of Jencks Materials, Materials Pursuant to Brady, Giglio and Other Discoverable Materials.  ECF No. 405.[1]  In his Motion, he argues that the discovery materials produced thus far do not, in his estimation, establish the elements of the alleged conspiracy.  Mr. Portis further asserts his belief that the government's critical evidence, in addition to wiretap evidence, will consist of cooperating witnesses and

---

[1] Although Mr. Portis indicates in the title of his motion that he seeks "other discovery materials," his Motion is limited to requests for Brady, Giglio, and Jencks materials.

investigating agents.  Mr. Portis therefore argues that Brady, Giglio, and Jencks materials will prove to be critically relevant evidence to preparation of an effective defense.  Thus, he concludes that the sooner such materials are produced, the more time the defense will have to prepare an effective defense.

    **A.**    **Requests for Brady Materials**

Mr. Porter seeks production of all exculpatory evidence, and all material and information that may be favorable to him, pursuant to Brady v. Maryland, 373 U.S. 83 (1963).  "In Brady, the Supreme Court held that due process required that [upon request] the government produce all "exculpatory" evidence, which includes both '[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness.'"  United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994) (quoting United States v. Hill, 976 F.2d 132, 134-35 (3d Cir.1992)).  Once a defendant makes a request for such materials, the government is obligated to disclose such exculpatory evidence, "in time for its effective use at trial."  United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983) ("No denial of due process occurs if Brady material is disclosed to [defendants] in time for its effective use at trial").

In its Omnibus Response, the government responds that it is unaware of any Brady exculpatory material and acknowledges its continuing obligation under Brady to provide Mr. Portis with exculpatory material.  There is no indication that the government has not met its obligations under Brady; therefore, the Motion for production of exculpatory material pursuant to Brady is DENIED, without prejudice.

### B. Request for <u>Giglio</u> Materials

Mr. Portis also requests all potential impeachment material pursuant to <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972). <u>See</u> also <u>United States v. Perdomo</u>, 929 F.2d 967 (3d Cir. 1991). The Supreme Court in <u>Giglo</u> extended its ruling in <u>Brady</u> to encompass impeachment evidence relating to the credibility of a government witness. <u>Giglio</u>, 405 U.S. at 154. Any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under <u>Brady</u>. <u>See</u> <u>Higgs</u>, 713 F.2d at 43 ("Evidence that government witnesses have been granted immunity and/or leniency for their cooperation is clearly relevant on the issue of their credibility").

The government indicates that while it has not determined which witnesses it will call at trial, the government is aware of material that would tend to be useful in impeaching potential government witnesses. The Court notes that to provide such material at this time, because it would identify the witness, in some instances may potentially subject the witness to harassment or retaliation by one or more of the defendants. Instead, the government proposes to provide <u>Giglio</u> impeachment material shortly before trial, and to provide it in sufficient time for defense counsel to make effective use of the material at trial (while not prematurely identifying a government witness).

The government shall provide <u>Giglio</u> material in sufficient time for its effective use at trial so that it will not result in a delay of the trial or delay during the trial. Accordingly, the Mr. Portis's Motion for production of impeachment material pursuant to <u>Giglio</u> is DENIED, without prejudice.

### B. Request for Early Disclosure of Materials under the Jencks Act

Mr. Portis seeks early disclosure of Jencks material. Pursuant to the Jencks Act, no statement or report made by a government witness or potential government witness "shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). Upon motion of the defendant, "[a]fter a witness called by the United States has testified on direct examination, the court shall" shall order the government to produce any statement of the witness, which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b).

A plain reading of the statute demonstrates that there is no basis upon which the court can order the government to provide investigative statements as Jencks material prior to the time a witness has testified on direct examination at trial. At best, a court can encourage the government to provide Jencks material encourage the government to provide the defense with Jencks Act materials in time to avoid any delays during trial. Here, the government, aware of the potential delays by holding Jencks material until after a witness is called, states that it will provide such material shortly before trial. The Court reiterates that a trial of this matter will involve multiple defendants and concerns an extensive alleged conspiracy, therefore in order not to delay trial, it is imperative that the government and the defense work together to ensure that trial will flow smoothly. Accordingly, the Court having no power to order the production of Jencks material prior to trial, Mr. Portis's Motion seeking early disclosure of Jencks material is DENIED.

### II. Motion for Notice Pursuant to Rule 404(b)

Mr. Portis has filed a Motion for Notice Pursuant to F.R.E. 404(b). ECF No. 406. Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act is

4

not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence of prior bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404(b)'s notice requirements, which were amended effective December 1, 2020,[2] provide as follows:

> **(3) Notice in a Criminal Case**. In a criminal case the prosecutor must:
> **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
> **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
> **(C)** do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3). What constitutes "reasonable notice" depends on "the circumstances and complexity of the prosecution." United States v. Johnson, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016). In general, courts have found that what constitutes "reasonable notice" under Rule 404(b) is in the range of seven to ten days or one to two weeks prior to trial. United States v. Long-Parham, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016); United States v. Buckner, 2020 U.S. Dist. LEXIS 5485, at *14–15 (M.D. Pa. Jan. 13, 2020).

---

[2] Federal Rule of Evidence 404(b) was amended effective December 1, 2020. According to the Committee Note, and as set forth above, the amendment principally imposes additional notice requirements on the prosecution. The amendment also eliminated the requirement that the defendant must make a request before notice is provided. Amended Rule 404(b) governs all proceedings commenced December 1, 2020 and thereafter, and insofar as just and practicable, to pending proceedings. The Court finds that it is just and practicable to apply amended Rule 404(b) to cases, like the instant case, in a pretrial posture where a trial date has not been set.

Here, Mr. Portis requests that the Court order the Government to provide Rule 404(b) information with respect to himself, and because this is an alleged conspiracy, as to all co-defendants. In its Omnibus Response, the government responds that it is aware of its obligations under Rule 404(b) but has not yet determined whether it will seek to introduce any Rule 404(b) evidence. Depending on the nature and amount of Rule 404(b) evidence the government intends to introduce in this multi-defendant case, there is the possibility that multiple Motions in Limine will be filed seeking to challenge the 404(b) evidence. The Government indicates that it will provide any 404(b) information it intends to introduce at trial no later than ten days prior to trial.

The Court is not inclined to order the government to produce Rule 404(b) information this far in advance of trial. Trial in this matter has not been set. In addition, the COVID-19 pandemic has significantly impacted Court operations and contributed to resulting delays in all jury trials. As of October 30, 2020, all criminal jury selections and jury trials have been continued to February 8, 2021, pending further order of court. Administrative Order, Oct. 30, 2020, Misc. No. 2:20-mc-394-MRH. Should the government anticipate that multiple challenges to such evidence may be filed, the government is encouraged to provide its Rule 404(b) evidence in advance of trial so as to limit the possibility of delay. The Court declines to order the government to provide Rule 404(b) evidence at this early stage. Accordingly, Mr. Portis's Motion for Notice Pursuant to Rule 404(b) is DENIED, as premature.

**III. Motion to Preserve Rough Notes**

Mr, Portis requests that the Court order that the government investigators retain their rough notes. ECF No. 408. He "requests the preservation and production of all materials relating to interviews, surveillance, controlled buys postal inspections, and similar investigative activities involved in this matter." Id. at ¶ 6. The specific materials he requests are handwritten

rough notes; draft or rough memoranda; handwritten draft or rough reports of investigative summaries; text messages, emails, or other investigative notes exchanged between agents; and any additional rough notes made during the investigation.  Id.   With respect to the materials requested, Defendant also requests that he be provided with the identity of the maker of the notes, dates of preparation of notes, and the occurrences to which such notes refer.  Id. at ¶ 7.

The Government states that it "has advised its agents to preserve traditional rough notes commonly taken during surveillance, during an interview, during a similar event, and handwritten draft reports."  Omnibus Resp. 2-3, ECF No. 421.  The government also states that emails and text messages "are automatically preserved pursuant to agency policies."  Id. at 3.

Independent of the government's direction to its officers to retain such material, the United States Court of Appeals for the Third Circuit requires the government to retain rough notes and writings  In United States v. Vella, 562 F.2d 275 (1977) the Court of Appeals held that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under the rule in Brady v. Maryland, 373 U.S. 83 (1963), or the Jencks Act."  Id. at 276.  In United States v. Ammar, 714 F.2d 238 (3d Cir. 1983), the Court of Appeals expanded the category of what must be retained to include rough reports; holding that "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced."  Id.  at 259.  In Ammar, the Court acknowledged that a rough draft is not necessarily a Jencks Act statement until it is refined to the point where a finding can be made that the witness has "adopted or approved" the rough draft as a statement, such as where a law enforcement official presents a handwritten draft to a supervisor.  Id.

Mr. Portis's request for an Order directing the government to retain and produce all rough notes relating to law enforcement activities undertaken in this case will be granted in part and denied in part. The Motion will be granted as to the preservation of rough notes that fall within the purview of Vella and Ammar. As noted, the government has already instructed law enforcement officers to retain such material and has also instructed the officers to retain rough notes taken during surveillance and "during similar events." Id. The motion will be denied as to any request for retention of material not falling within the above categories.
Accordingly, we grant Mr. Portis's motion and require the government to preserve any such materials.

The Motion will be denied, as premature, with respect to Mr. Portis's request that the government produce rough notes. Mr. Portis is entitled to the production of such material only to the extent that it falls within the purview of Brady, Giglio v. United States, 405 U.S. 150 (1972), or the Jencks Act. The government has indicated that it is aware of its obligations to produce such material to the extent it falls within the purview of Brady exculpatory material and Giglio impeachment material, however the government states that none of the rough notes constitute Brady material. As to Giglio Material, the government asserts that it is premature to produce such material as it has not determined its trial witnesses and such early disclosure may endanger the witnesses. To the extent any rough notes and investigative reports fall within Giglio or the Jencks Act, the government states that it intends to follow its usual practice of producing such material shortly before trial.

Accordingly, Mr. Portis's Motion to Preserve Rough Notes (ECF No. 408) is GRANTED as to the preservation of rough notes. The government is ordered to preserve rough notes consistent with this Opinion and its obligations under Vella and Ammar. The Motion is

DENIED as to the preservation of any other material.  IT IS FURTHER ORDERED that the Motion is DENIED, as premature, as to the production of any rough notes.

## IV.     Conclusion

In summary, and for the reasons stated above, Mr. Portis's Motions are resolved as follows.  The Motion for Early Disclosure of Jencks Materials, Materials Pursuant to <u>Brady</u>, <u>Giglio</u> and Other Discoverable Materials, ECF No. 405, is denied as to the request for Jencks material, and denied, without prejudice, as to <u>Brady</u> and <u>Giglio</u> material.  The Motion for Notice Pursuant to F.R.E. 404(B), ECF No. 406, is denied, as premature.  The Motion to Preserve Rough Notes, ECF No. 408, is granted as to the preservation of rough notes; denied as to the preservation of any other material; and denied, as premature, as to the production of any rough notes.

IT IS SO ORDERED.

Dated: Dec 3, 2020

Marilyn J. Horan
United States District Court Judge